**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**ROBERT H. BELLINGER, II**
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE:

**ROBERT R. HUFF**
Jones Huff & Jones
Plymouth, Indiana



FILED
May 09 2013, 9:11 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

|                                   |     |                      |
| --------------------------------- | --- | -------------------- |
| IN RE: THE PATERNITY OF M.R.;     | )   |                      |
|                                   | )   |                      |
| A.K.,                             | )   |                      |
|                                   | )   |                      |
| Appellant-Petitioner,             | )   |                      |
|                                   | )   |                      |
| vs.                               | )   | No. 50A03-1211-JP-457 |
|                                   | )   |                      |
| J.R.,                             | )   |                      |
|                                   | )   |                      |
| Appellee-Respondent.              | )   |                      |

APPEAL FROM THE MARSHALL CIRCUIT COURT
The Honorable Curtis D. Palmer, Judge
Cause No. 50C01-0604-JP-47

**May 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

A.K. ("Mother") appeals the trial court's custody modification order granting J.R. ("Father") the physical custody of M.R. Mother presents the sole issue of whether sufficient evidence supports the modification. We affirm.

## Facts and Procedural History

M.R. was born in 2004. Mother and Father were living together, but soon separated. Father's paternity of M.R. was established on June 9, 2006. At that time, Father and Mother agreed to share joint legal custody of M.R., with Mother having primary physical custody.

Father married, joined the military, and fathered another child. Eventually, he was assigned to the Fort Bragg Army Base in North Carolina. Mother remained in Indiana.

In 2012, police officers raided the residence occupied by Mother, Mother's boyfriend, and M.R. The officers uncovered a marijuana growing operation and fifty-seven plants in the basement. They also discovered a small amount of dried marijuana; a marijuana smoking device and a "roach" were found in a dresser and closet storing women's clothing. (Tr. 87.) Although Mother's boyfriend was charged with a criminal offense, and placed on house arrest, Mother was not criminally charged.

On February 20, 2012, Father petitioned to modify physical custody of M.R. The trial court conducted a hearing on September 26, 2012. On October 16, 2012, the trial court issued an order granting Father's petition for custody modification. Mother now appeals.

## Discussion and Decision

Mother's sole argument on appeal is that there was insufficient evidence to support

the trial court's decision to award custody of M.R. to Father. Mother disavows knowledge of the marijuana-growing operation and emphasizes the evidence that M.R. has been well-adjusted and happy in her home.

Indiana Code section 31-14-13-6 provides that, in custody matters following determination of paternity, the court may not modify a child custody order unless (1) modification is in the best interests of the child, and (2) there is a substantial change in one or more of the factors that the court may consider under Indiana Code section 31-14-13-2. These factors include (1) the age and sex of the child; (2) the wishes of the child's parents; (3) the wishes of the child; (4) the interaction and interrelationship of the child with his parents, siblings, and any other person who may significantly affect the child's best interests; (5) the child's adjustment to home, school, and community; (6) the mental and physical health of all individuals involved; (7) evidence of a pattern of domestic or family violent; and (8) evidence that the child has been cared for by a de facto custodian. Mother does not dispute that there has been a substantial change in one or more of the statutory factors in the six years since the prior custody order. Thus, we address whether the evidence establishes that giving Father physical custody of M.R. was in M.R.'s best interest.

Judgments in custody matters will typically turn on essentially factual determinations. Baxendale v. Raich, 878 N.E.2d 1252, 1257 (Ind. 2008). We do not reweigh evidence or consider witness credibility, and will set aside a judgment only when it is clearly erroneous. Id. "We will not substitute our own judgment if any evidence or legitimate inferences support the trial court's judgment." Id. at 1257-58. This doctrine is reinforced by the

3

concern for finality in custody matters. Id. at 1258.

The trial court articulated several factual determinations underlying the custody modification decision. The trial court found that M.R., a second grader, had already attended four schools. He had excelled academically but displayed behavioral problems at school. By age eight, he had twice been caught shoplifting at Wal-Mart. M.R. was living in a residence where a marijuana-growing operation had been conducted for at least one year. The trial court also summarized evidence of an incident taking place during Father's parenting time:

> During [M.R.]'s extended summer visitation with his father in 2011 he asked to draw a picture for his mother. When given paper and pencil he drew a picture of a person standing next to a table with numerous items on the table and another person hanging above the table peering down at the scene. The word "drugs" was at the left side of the picture with lines drawn through it. (He had asked his stepmother how to spell "drugs"). When asked to describe what was in the picture he said he was the person at the top peering down at his mother. He described the items on the table as a knife, a gun, a wine glass, and something containing water with smoke coming out of it that you use to smoke drugs. He told his stepmother that he wanted to send the picture to his mother so she would stop using drugs.

(App. 9.)

The trial court's factual findings favoring the judgment with regard to Father and Father's home are as follows. Father has made the military his career, and has begun taking college courses to obtain a business degree. He has been married since 2008. Neither Father nor his wife use or permit alcohol, drugs, or cigarettes in their home. M.R. gets along well with his stepmother and has been well-adjusted to Father's home during summer parenting time.

4

These factual findings are supported by the evidence in the record. Accordingly, there is sufficient evidence to support the trial court's determination that custody modification is in M.R.'s best interests. We will not substitute our judgment for that of the trial court.

Affirmed.

NAJAM, J., and BARNES, J., concur.